UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                           Case No. 8:24-cr-200-WFJ-UAM

CLARENCE FORD, JR.

_____/

## ORDER

Before the Court is Defendant Clarence Ford, Jr.'s ("Ford, Jr.") Motion for Bond ("Motion for Bond") (Doc. 71). Despite being ordered to do so (Doc.126), the United States has not responded to the motion.  The Court previously held a detention hearing on May 14, 2024 ("Detention Hearing").  In addition, the United States filed a Pre-Trial Detention Memorandum ("Detention Memo") (Doc. 22), and an Information and Notice of Prior Convictions Under 18 U.S.C. § 851 (Doc. 18).  The presumption of detention arises under 18 U.S.C. § 3142(e)(3).  At the detention hearing, Ford, Jr. failed to introduce sufficient evidence to rebut the presumption.  Instead, Ford, Jr. reserved on the issue of detention.  In addition, after considering the evidenced proffered by the United States, the information contained in the Pretrial Services Report (Doc. 29) and the factors listed in 18 U.S.C. § 3142(g), the Court ordered Ford, Jr. detained because the United States met its burden of establishing by both clear and convincing evidence that there were no condition or combination of conditions that would reasonably assure the safety of any other persons or the community and by a preponderance of the evidence that no condition or

combination of conditions of release would reasonable assure Ford Jr.'s appearance as required. (Doc. 53).

## DISCUSSION

Ford, Jr. now moves the Court to reconsider this Court's Order of Detention (Doc. 53). The Court will analyze Ford, Jr.'s pending motion as both a motion for reconsideration as well as a motion to reopen his detention hearing. Under either standard, the motion is due to be denied.

### I.    Motion for Reconsideration

Reconsideration of a previous order is an extraordinary remedy that should be employed sparingly. "Although the Federal Rules of Criminal Procedure do not specifically authorize motions for reconsideration, both the Supreme Court and [the Eleventh Circuit] have permitted parties to file such motions in criminal cases." *Serrano v. United States*, 411 F. App'x 253, 255 (11th Cir. 2011). In deciding motions for reconsideration in criminal cases, courts in this district have generally relied on the standards applicable to motions for reconsideration filed in civil cases pursuant to Rule 59, Federal Rules of Civil Procedure. *See United States v. Brown*, No. 3:18-CR-89-J-34JRK, 2019 WL 7067091, at *1 (M.D. Fla. Dec. 23, 2019) (collecting cases). "The only grounds for granting a Rule 59 motion are newly discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quotations and citations omitted). Accordingly, "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice" is each a proper reason for reconsideration. *Lamar Advertising of Mobile, Inc. v. City of Lakeland, Fla.*,

2

189 F.R.D. 480, 489 (M.D. Fla. 1999).  A motion for reconsideration, however, cannot be used to relitigate old matters, raise argument, or present evidence that could have been raised prior to the entry of the order.  *See Arthur*, 500 F.3d at 1343.

Here, there is no basis for reconsideration.  Ford, Jr. has failed to establish: "(1) an intervening change in law; (2) the discovery of new evidence that was not available at the time this Court denied the motion to reopen his detention hearing; or (3) the need to correct clear error or manifest injustice." (Doc. 50).  Instead, Ford, Jr. states that he "was born and raised in greater Tampa Bay, having lived in Florida his entire life. [His] entire family lives in Florida. [He] is not a flight risk and is willing to surrender his passport, as applicable."  All information known to him at the time of his detention hearing.

## II.    Motion to Reopen Detention Hearing

To the extent Ford, Jr.'s Motion for Bond may be construed as a motion to reopen his detention hearing, the motion is likewise denied.  Under 18 U.S.C. § 3142(f), a detention hearing "may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f).  This statutory "provision is, in effect, a codification of a court's inherent reconsideration authority tempered by the understanding that, to promote finality, preserve judicial resources, and discourage piecemeal presentations, a court should not reconsider a decision based on information that could have been presented the first time

3

around." *United States v. Pon*, 2014 WL 3340584, at *3, 9 (M.D. Fla. May 29, 2014).  Here, Ford, Jr. proffers no information that was not known to him at the time of the detention hearing.  As a result, there is no basis to reopen the detention hearing at this time.

**CONCLUSION**

Accordingly, for the reasons stated herein and previously in open court, Ford Jr.'s Motion for Bond (Doc. 71) is **DENIED.**

**ORDERED** in Tampa, Florida, this 1st day of July 2024.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE